No. 28,921.

FRANK KAUL, *Appellant*, v. CLYDE HOENSHELL, *Appellee.*

(282 Pac. 697.)

Opinion filed December 7, 1929.

*E. R. Sloan*, of Holton, for the appellant.
*Benjamin A. Boeh*, of Atchison, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff prosecuted this action to have himself declared the owner of an undivided one-half interest in certain real property. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The action was tried by the court without a jury, and the court found "that specific performance should not be enforced, that plaintiff should take nothing by this petition, and that defendant have judgment for his costs."

There was evidence which tended to prove that the plaintiff and the defendant had business relations with each other in which they were engaged in common enterprises; that the defendant learned that the land over which this controversy arose was for sale and could be purchased at a bargain; that he communicated that fact to the plaintiff; that the plaintiff was willing to join with the defendant in the purchase of the land, but instructed the defendant not to pay more than $800 for the land; that it could not be purchased for that price, but could be purchased for $850; that defendant concluded to pay that price for the land and buy it for himself; that he acted according to that conclusion and purchased the land for that amount of money; that the plaintiff did not furnish any part of the money to pay for the land; that after the land was purchased the plaintiff gave to the defendant a check for $425 and claimed a one-half interest therein; that the defendant received the check, but

instead of cashing it returned it to the plaintiff. The plaintiff denied that he instructed the defendant not to pay more than $800 for the land. There was no writing concerning the transaction between the plaintiff and the defendant, nor any written memorandum thereof signed by any person. After the defendant purchased the property some correspondence occurred between him and the plaintiff in which they attempted to settle their controversy, but did not succeed. This lawsuit resulted.

Part of section 33-106 of the Revised Statutes reads:

. "No action shall be brought whereby to charge a party . . . upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."

To avoid that statute the plaintiff relies on sections 67-406 and 67-408 of the Revised Statutes. Section 67-406 reads:

"When a conveyance for a valuable consideration is made to one person and the consideration therefor paid by another, no use or trust shall result in favor of the latter; but the title shall vest in the former, subject to the provisions of the next two sections."

The pertinent part of section 67-408 reads:

"The provisions of the section next before the last shall not extend to cases . . . where it shall be made to appear that by agreement and without any fraudulent intent the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land or some interest therein in trust for the party paying the purchase money or some part thereof."

Because the plaintiff had not paid any part of the purchase money at the time the land was purchased, the statute last quoted does not control, and for that reason no trust arose in favor of the plaintiff. Concerning the amount that the defendant was authorized to pay for the land, there was conflicting evidence, and the court found against the plaintiff. That finding is conclusive.

The judgment is affirmed.